IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:17-cv-107

**EDWARD L. CHANEY,**

       Plaintiff,

vs.

**RELIANCE STANDARD LIFE
INSURANCE COMPANY,**

       Defendant.

## COMPLAINT

COMES NOW Plaintiff, Edward L. Chaney, by and through counsel, and for his Complaint, states as follows:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"), to recover benefits due under an employee welfare benefit plan, to recover benefits due under an employee insurance program, and to recover costs, attorneys' fees, and interest as provided by ERISA.

## PARTIES

2. Plaintiff, Edward L. Chaney, at all relevant times, was a citizen and resident of Castle Hayne, New Hanover County, North Carolina and former employee of Granite Services, Inc., located in New Hanover County, North Carolina.

3. Defendant, Reliance Standard Life Insurance Company (hereinafter "Reliance"), is a properly organized insurance company authorized to do business in the State of North Carolina,

and does substantial business in New Hanover County.

4. At all times relevant to this action, Reliance provided insured long term disability ("LTD") benefits pursuant to Granite Services, Inc.'s Group Long Term Disability Insurance ("the Plan").

5. Defendant serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

6. Defendant has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

8. Venue in the Eastern District of North Carolina is appropriate by virtue of Plaintiff's former employment in this district with Granite Services, Inc. during all relevant times that he was covered under the Plan, Reliance, the plan administrator and sponsor's presence in this district, and Defendant's doing substantial business in this district.

## FACTUAL ALLEGATIONS

9. The Plan provides LTD benefits to beneficiaries who meet the Policy definition of "Totally Disabled" or "Total Disability," as follows:

> *Totally disabled and Total disability mean, that as a result of an injury or sickness:*
> *A. During the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an insured cannot perform the substantial and material duties of his/her Regular Occupation;*
> *B. After a Monthly Benefit has been paid for 24 months, an Insured cannot perform*

2

> *the material duties of Any Occupation. We consider the Insured Totally disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.*

10. Plaintiff was admitted into the hospital on January 26, 2011 due to atrial fibrillation.

11. Atrial fibrillation is a quivering or irregular heartbeat that can lead to blood clots, stroke, heart failure and other heart-related complications. Symptoms often include: fatigue, rapid and irregular heartbeat, dizziness, shortness of breath, faintness or confusion, chest pain.

12. Plaintiff's atrial fibrillation is so severe that his physician classified it as a permanent or long-term condition for which treatment may not be effective and patient requires supervision.

13. On multiple occasions, Plaintiff's atrial fibrillation and associated symptoms have been so severe that he was forced to go to the emergency room.

14. Despite treatment with various drug therapies and surgeries, Plaintiff continued to suffer from constant and debilitating episodes of atrial fibrillation multiple times per week and continued to frequently experience congestive heart failure symptoms.

15. As a result of his numerous and severe disabling conditions, Plaintiff is unable to perform one or more of the essential duties of any occupation for which he is qualified by education, training or experience.

16. Plaintiff suffers from numerous conditions, including, but not limited to:

    a. Chronic atrial fibrillation:

    b. Paroxysmal atrial fibrillation

    c. Mycoardial infarction

d. Nonischemic cardiomyopathy

   e. Chronic congestive heart failure

   f. Systolic heart failure, acute-on-chronic;

   g. Systolic heart failure, chronic; and

   h. Non-sustained Ventricular Tachycardia

17. Plaintiff suffers from numerous symptoms as a result of his conditions, including but not limited to:

   a. Shortness of breath;

   b. Dizziness;

   c. Fatigue;

   d. Chest Pain; and

   e. Irregular heart-beat.

18. Plaintiff's experiences atrial fibrillation episodes 3-5 times per week lasting up to 18 hours. These symptoms are so severe, Plaintiff has:

   a. Difficulty walking more than 75 feet without breaks and requires a cane;

   b. Extreme dizziness preventing him from concentrating and nearly causing him to faint;

   c. Inability to drive or perform household chores without assistance; and

   d. Inability to sleep until episode resides.

19. As a result of these symptoms, Plaintiff has dramatically altered his habits:

   a. In August 2013, he moved from North Carolina to Missouri to live next door to his sister because his physician advised him that his condition required constant supervision.

4

b.  Plaintiff no longer was able to complete household chores without assistance from his son.

    c.  Plaintiff no longer engages in his hobbies including fishing, hunting, and basketball.

20. Plaintiff's treating physicians recommended Plaintiff be placed on permanent disability based on his diagnosis and symptoms.

21. Plaintiff appropriately applied for short term disability ("STD") benefits under Plan administered by Reliance. Reliance subsequently approved Plaintiff's claim for STD.

22. By its award letter dated February 9, 2012, the Social Security Administration found Plaintiff to be disabled as of January 26, 2011.

23. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. LTD 117202) issued by Defendant to Granite Services, Inc.

24. Plaintiff worked as a technician for Granite Services, Inc. in the Wilmington, North Carolina office prior to his disability.

25. By letter dated August 22, 2011, Defendant approved Plaintiff's LTD benefit claim and began paying LTD benefits under the terms of the Plan.

26. By letter dated April 22, 2013, Defendant terminated Plaintiff's LTD benefit claim as of May 21, 2013.

27. Plaintiff timely appealed the termination of his LTD benefits by letter dated June 19, 2013, submitting argument and supporting documentation including updated medical records.

28. By letter dated September 11, 2013, Reliance reversed its decision to deny LTD benefits based on the findings of its independent medical examiner that Plaintiff was totally disabled from any occupation supporting the recommendations of Plaintiff's treating physicians.

29. By letter dated September 13, 2016, Reliance terminated LTD benefits beginning October 1, 2016.

30. By letter dated November 17, 2016, Plaintiff appropriately appealed the decision to deny benefits extending past October 1, 2016.

31. By letter dated December 23, 2016, Defendant upheld its decision to terminate Plaintiff's LTD benefits.

32. In denying LTD benefits, Reliance's independent medical examiner relied heavily on data from Plaintiff's ICD which tracks atrial fibrillation and suggested Plaintiff's condition was improving.

33. On January 23, 2017, Plaintiff provided additional documentation to Reliance establishing the ICD was deactivated during the relevant times by Plaintiff's physician, that the combination of treatments would alter significance of data, and symptoms were worsening.

34. By letter dated February 9, 2017, Reliance upheld its decision to deny LTD benefits.

35. Plaintiff now has exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## COUNT I: WRONGFUL DENIAL OF LONG-TERM DISABILITY CLAIM

36. Plaintiff incorporates by reference paragraphs 1-35 of his Complaint as if fully set forth as paragraph 36.

37. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

   a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of his disability, he is unable to perform one or more of the essential duties

of any occupation for which he is qualified by education, training or experience;

    b.    Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled by ignoring credible evidence that Plaintiff is unable to perform one or more of the essential duties of any occupation for which he is qualified by education, training or experience;

    c.    Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to plain language of the Policy and unreasonable;

    d.    Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on his ability to perform one or more of the essential duties of any occupation for which he is qualified by education, training or experience;

    e.    Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of his benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying his benefits claim; and

    f.    Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

## **COUNT II: WRONGFUL DENIAL OF WAIVER OF PREMIUM BENEFITS**

38.    Plaintiff incorporates by reference paragraphs 1-37 of his Complaint as if fully set forth as paragraph 38.

39.    At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (GL Policy: 143316) issued by Defendant to Granite Services, Inc. which extended $350,000 life insurance without premium payments pursuant to the policy's "waiver of premium

in the event of total disability" provision.

40. The waiver of premium (hereinafter "WOP") policy states:

*"Total Disability," as used in the WAIVER OF PREMIUM IN THE EVENT OF TOTAL DISABILITY section, means an Insured's complete inability to engage in any type of work for wage or profit for which he/she is suited by education, training, or experience.*

*The amount of insurance extended for an Insured will cease on the earliest of:*
*(1) the date he/she no longer meets the definition of Total Disability; or*
*(2) the date he/she refuses to be examined; or*
*(3) the date he/she fails to furnish the required proof of Total Disability; or*
*(4) the date he/she becomes age 70; or*
*(5) the date he/she retires.*

41. By letter dated December 23, 2016, Defendant notified Plaintiff of its decision to terminate Plaintiff's WOP benefits based on the same facts and analysis used to deny LTD benefits. This letter also informs Plaintiff all administrative remedies have been exhausted.

42. Defendant has wrongfully denied WOP benefits to Plaintiff in violation of the Policy, Plan, and ERISA.

**WHEREFORE**, Plaintiff prays that the Court:
1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendant be ordered to pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches age 67 or is no longer disabled;
2. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to continued life insurance coverage benefits without payment of premium under the terms of Plan.
3. Award pre-judgment interest at a rate of 8%;
4. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful termination of benefits; and
5. Enter an award for such other relief as may be just and appropriate.

This the 25th day of May, 2017.

/s/Norris A. Adams, II
NORRIS A. ADAMS, II
N.C. Bar No. 32552
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, North Carolina 28203
Phone: (704) 377-4300
Facsimile: (704) 372-1357
NAdams@essexrichards.com

/s/Matthew R. Davis
Matthew R. Davis *
**GALLAGHER DAVIS**
2333 South Hanley Road
St. Louis, Missouri 63144
Phone: (314) 725-1780
Facsimile: (314) 725-0101
matt@gallagherdavis.com

*Attorneys for Plaintiff*

*Subject to Admission Pro Hac Vice